# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

GORDON K. SHUTT                                                      PLAINTIFF

V.                                                 NO. 3:16CV00076-JMV

COMMISSIONER OF SOCIAL SECURITY                      DEFENDANT

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held today, the court finds the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence in the record. Specifically, the ALJ determined the claimant could perform work at the medium level of exertion. The ALJ's decision is based in large part upon the opinion of the state agency non-examining physician. This opinion conflicts, of course, with the consultative examining physician's (Dr. Bruce Randolph) opinion that the claimant could lift and carry only "up to 20 pounds" and could "sit with intermittent standing and walking every 30 minutes." With respect to the lifting restriction found by Dr. Randolph, the ALJ did not attribute it full weight because he deemed it inconsistent with Dr. Randolph's own purported finding of "full strength and use of the extremities." However, as pointed out during

the hearing on this matter, Dr. Randolph's report does not contain any such finding of full strength.

Next, with respect to Dr. Randolph's limitation of a sit/stand option, the ALJ gives no explanation whatsoever for his apparent rejection of this limitation. And, again, the state agency physician's failure to include such a limitation in his RFC assessment created a conflict that was not resolved in the ALJ's decision.[1]

On remand, the ALJ shall reconsider the claimant's RFC in light of the inconsistencies pointed out herein. If necessary, the ALJ shall recontact Dr. Randolph and/or order another consultative examination. Once the ALJ has considered all of the evidence in the record, the ALJ shall make a function-by-function determination of the claimant's RFC and articulate the same in the decision. The ALJ shall then determine–with the assistance of a vocational expert if necessary–whether there is any work the claimant can perform in light of his limitations.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 13th day of April, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[1] The Court here also points out that it finds that a commonsense interpretation of Dr. Randolph's opinion is that the claimant was able to sit and could only perform intermittent standing and walking every 30 minutes, not that the opinion contains no limitation on the claimant's ability to stand and/or walk–as argued by the Commissioner. Of course, the ALJ can resolve this issue on remand by making the function-by-function assessment ordered by this Court.